

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2007

# Stukes v. Knowles

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1255

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Stukes v. Knowles" (2007). *2007 Decisions*. Paper 874.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/874

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-263                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1255
_____

BLAYNEY B. STUKES,

Appellant

v.

MATHEW KNOWLES, MR.; TINA KNOWLES, C.E.O. OF MUSIC WORLD
ENTERTAINMENT; DEBRA LEE, CHAIRMAN OF BLACK ENTERTAINMENT;
BOB  JOHNSON, FOUNDER OF BLACK ENTERTAINMENT TELEVISION;
LOWRY MAYS, CHAIRMAN OF THE BOARD; MARK MAYS, CHIEF
EXECUTIVE OFFICER OF CLEAR CHANNEL COMMUNICATIONS;
KENNETH "BABY FACE EDMONDS; TRACEY EDMONDS, OF LEFACE
RECORDS; JAMES JIMMY JAM HARRIS, III; TERRY LEWIS; BRITNEY SPEARS;
USHER; SHELIA ESCOVEDO; MONTEL JORDON; RAMIYAH; BREAKWATER;
DENIECE WILLIAMS; ISLEY BROS; HALL AND OATE'S; MIKI HOWARD;
FORCE MD; THE SYSTEM GROOVE; EMOTIONS; ANITA BAKER; LISA LISA &
CULT JAM; TIMEX SOCIAL CLUB; PAULA ABDUL; JON B; LISA STANFIELD;
GLORIA ESTEFAN; KENNY LATTIMORE; GLEN JONES; NEW EDITION;
MADONNA; KELLY PRICE; DONNA SUMMER; WHITNEY HOUSTON; MARIAH
CAREY; STEVE WONDER; SURFACE; SISQO; BOYZ II MEN; FREDDIE
JACKSON; THE JETS; RAPHAEL SAADIG; JEFFREY OSBORNE; SOUNDS OF
BLACKNESS; YOLANDA ADAMS; DONNIE MCCURKIN; EARTH WIND & FIRE;
CASE; LARRY GRAHAM; DIANA ROSS; TINA TURNER; DIANNE REEVES;
QUINCY JONES; JAMES INGRAM; BOBBY CALDWALL; TAMIA; MUSIQ SOUL
CHILD; DEBORAH COX; BOBBY BROWN; KEITH SWEAT; GEORGE MICHAEL;
CHAKA KHAN RUFUS; AL B. SURE; ATLANTIC STAR; SWING OUT SISTER;
CHERRELLE; ALEXANDER O'NEAL; HALL AND OATES; PATTI LABELLE
_____

On Appeal From the United States District Court
For the District of Eastern Pennsylvania
(E.D. PA. Civ. No. 07-cv-00198)
District Judge:  Honorable Stewart Dalzell

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
June 7, 2007

BEFORE: RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed: June 27, 2007)

_____

OPINION

_____

PER CURIAM

Appellant Blayney Stukes appeals from the District Court's dismissal of his complaint as frivolous. Because we agree with the District Court and conclude that this appeal lacks arguable merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

On January 17, 2007, Stukes filed a confused and convoluted complaint alleging that 72 defendants violated his civil and human rights. In particular, Stukes claims that: (1) Mathew and Tina Knowles "sabotaged" his relationship with their daughter, musician Beyonce Knowles, and have, among other things, harassed him, assaulted him, and ruined his reputation; (2) numerous record company executives and musicians used "ghostwriters to produce songs" about his life story without his permission; and (3) the Philadelphia Police Department failed to respond to his niece's 911 call due to the influence of Mathew and Tina Knowles. The District Court dismissed the complaint as

frivolous because it was "unable to extract from its ramblings a legal claim." Stukes appeals.

Stukes is proceeding in forma pauperis, so we review this appeal to determine whether "it lacks an arguable basis in law or in fact" and thus should be dismissed pursuant to § 1915(e)(2)(B). Neitzke v. Williams, 490 U.S. 319, 325 (1989). Stukes's complaint, which we review in the most generous light possible, clearly lacks an arguable legal basis. Preliminarily, he maintains that the defendants violated his human rights under the Universal Declaration of Human Rights ("the Declaration"). However, the Declaration is not a treaty or international agreement and "does not of its own force impose obligations as a matter of international law." Sosa v. Alvarez-Machain, 542 U.S. 692, 734-35 (2004). Thus, the Declaration cannot support Stukes's claims.

If Stukes's complaint is viewed as alleging civil rights violations under 42 U.S.C. § 1983, he must show that the defendants deprived him of a federal constitutional or statutory right while acting under color of state law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). This he cannot do. First, even if we accepted Stukes's complaint as true, he does not state claims for the violation of any federally protected right. Although certain allegations—such as those for assault, harassment, and defamation (injury to reputation)—may be actionable under state law, they do not

3

implicate any federal constitutional or statutory right.[1]  Stukes's complaint thus lacks

legal merit on this basis alone.  Second, it is beyond question that neither the Knowles

family nor the record company executives and musicians are state actors or acted under

color of state law.[2]  See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 620-22

(1991) (explaining state actor and state action standards).  As such, Stukes's claims have

no arguable legal merit.

     For the foregoing reasons, we will dismiss the appeal under § 1915(e)(2)(B).

---

[1]    Stukes does assert that the Philadelphia Police Department discriminated against his niece when they failed to respond to her 911 telephone call.  However, even if the police did in some way violate his niece's civil rights, Stukes "cannot sue for the deprivation of another's civil rights." O'Malley v. Brierley, 477 F.2d 785, 789 (3d Cir. 1973).  See Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990) ("[R]egardless of what happened to plaintiff's father, this case turns upon whether plaintiff personally suffered any deprivation of a constitutional right possessed by him individually.").

[2]    Stukes also alleges that he had "problems" and a "run in" with a public library security guard.  Private security guards can, in some circumstances, act under color of state law.  See Griffin v. Maryland, 378 U.S. 130, 135 (1964).  However, in this case, apart from failing to allege that the security guard deprived him of his civil rights, Stukes provides no information that could lead to the inference that the security guard was "possessed of state authority and purport[ed] to act under that authority," as is required to show state action. Id.